STATE of Missouri, ex rel., MISSOURI STATE HIGH SCHOOL ACTIVITIES ASSOCIATION, a voluntary Not-for-profit unincorporated association of Schools by and through its Board of Directors: Mikel Stewart, Dennis Littrell, Travis L. Brown, Ken Brumley, Darl Davis, Duane O'Reilly, Joe Aull, and Don Edwards; and Becky Oakes, its Executive Director, Relators,

v.

The Honorable Kenneth M. ROMINES, Circuit Judge of the Circuit Court of the County of St. Louis, Respondent.

No. ED 78957.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Feb. 13, 2001.

Mallory V. Mayse, Columbia, MO, for Appellants.

Leo V. Garvin, Jr., Paul M. Maloney, Clayton, MO, for Respondent.

DRAPER, Presiding Judge.

Relators seek to prohibit enforcement of an order of Respondent as well as from further issuance of any decision of that court as Respondent lacks jurisdiction. Relators have no adequate remedy by way of appeal. The Court received and considered the petition and suggestions in support of the petition. Respondent filed suggestions in opposition. The Court, being fully advised of the issues, dispenses with all further procedures in this matter in the interest of justice. Rule 84.24(j).

Relator Missouri State High School Activities Association and the individual members of its Board of Control (hereinaf-

ter, "the Association") filed an original application in this Court to mandate and/or prohibit respondent from proceeding further in an injunction suit filed by David M. Roskin, by and through his next friend, Linda R. Roskin (hereinafter, "Plaintiff"). That suit seeks to restrain the Association from enforcing one of its rules which would preclude Plaintiff from participating in athletic contests as a student at Kirkwood High School. Respondent granted a preliminary injunction allowing Plaintiff to continue participation in high school athletics pending a further trial for a permanent injunction.

The Association establishes and enforces eligibility requirements for participation in extracurricular activities for high school students attending member schools within Missouri. One such eligibility requirement for athletics is that any student who transfers schools is ineligible for athletics at the new school under the Association's transfer rule for 365 days unless the circumstances surrounding the school transfer qualify for a hardship exception.[1]

David M. Roskin voluntarily withdrew as a student from Mary Institute Country Day School and then enrolled in the twelfth grade at Kirkwood High School on October 10, 2000. David M. Roskin participated in inter-school athletics at Mary Institute Country Day School and wished to continue competing in athletics at Kirkwood High School.

Plaintiff and Kirkwood High School applied to the Association for an exception to the Association's transfer rule to allow Plaintiff to continue to compete in extracurricular athletics. On November 14, 2000, the Association Board of Appeals denied the application.

In the injunction case, Plaintiff questions the constitutionality of the transfer rule as applied to his right to pursue his education and participate in interscholastic athletics, and the arbitrary and capricious application of the transfer rule to his situation foreclosing his participation in interscholastic athletics during his final year of high school.

The Association contends respondent is without jurisdiction to restrain and enjoin the Association from carrying out the rules and regulations of the Association.

■ The power of a court to review the quasi-judicial actions of a voluntary association is extremely limited. It is limited to determining: (1) whether there are inconsistencies between the association's charter and by-laws and any action taken in respect to them (*State v. Petry*, Mo.App., 397 S.W.2d 1 (1965)); (2) whether the member has been treated unfairly, i.e.: denied notice, hearing, and an opportunity to defend himself; (*Junkins v. Local Union No. 6313*, 241 Mo.App. 1029, 271 S.W.2d 71 (1954) (4, 5)); (3) whether the association undertakings were prompted by malice, fraud or collusion, (*Robinson v. Nick*, 235 Mo.App. 461, 136 S.W.2d 374 (1940) (15–17)); and, (4) whether the charter or by-laws contravene public policy or law, (*Junkins v. Local Union No. 6313, supra*, (8–10)). *State ex rel. Missouri State High School Activities Ass'n v. Schoenlaub*, 507 S.W.2d 354, 357 (Mo. banc 1974) (*citing, State ex rel. Nat. Junior College Athletic Ass'n v. Luten*, 492 S.W.2d 404, 407 (Mo.App.St.L.Dist.1973)).

■ We are unable to find any basis upon which the Circuit Court could exercise its jurisdiction to enjoin the Association's decision. There was no allegation in the petition of lack of procedural due pro-

1. The hardship exception states: "The Board of Directors may grant eligibility to a transfer student who does not meet the Transfer Standards when sufficient evidence is provided to show that it was necessary for the student to transfer because of unforeseen, unavoidable, or unusual circumstances; including, but not limited to, broken home condition, death of parents or guardian, and abandonment and provided the transfer was not for athletic reasons and there was no undue influence. A student who is granted eligibility under this provision shall be eligible upon notification by the Executive Director."

cess, and no indication of malice, fraud or collusion. Plaintiff's contention of constitutionality of the transfer rule is settled pursuant to *U.S. ex rel. Missouri State High School Activities Ass'n, et al.*, 682 F.2d 147 (8th Cir.1982). "It is only upon the clearest showing that the rules have been violated by a decision of the association's tribunal that courts should permit their jurisdiction to be invoked." *Luten*, 492 S.W.2d at 407.

The facts and law are clear. In the interest of justice, as permitted by Rule 84.24, we dispense with further briefing and oral argument and issue our Writ of Prohibition.

MARY K. HOFF, J., and MOONEY, J., concur